D/F

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★  FEB 04 2014  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GILBERT G. CARROLL,

        Petitioner,

    -against-

STATE OF NEW YORK, et al.,

        Respondent.
------------------------------------------------------------X

**ORDER**
13-CV-3206 (SJF)

FEUERSTEIN, J.

Gilbert Carroll ("petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the application is denied.

I.    Background

    A.  State Conviction

In June 1983, the grand jury of Suffolk County issued an indictment, charging petitioner with the commission of various sexual offenses. On March 14, 1984, following a jury trial, petitioner was convicted of sexual abuse in the first degree, rape in the first degree, rape in the third degree, and aggravated sexual abuse. Petitioner was sentenced to several concurrent terms, the longest of which was six (6) to twelve (12) years.

On February 24, 1986, petitioner's conviction was affirmed by the Appellate Division of the Supreme Court of New York, Second Department. *See People v. Carroll*, 117 A.D.2d 815, 499 N.Y.S.2d 135 (2d Dep't 1986). On April 22, 1986, petitioner's application for leave to appeal to the New York State Court of Appeals was denied.

    B.  Federal Habeas Applications

Petitioner subsequently filed his first application for writ of habeas corpus pursuant to 28

U.S.C. § 2254, alleging five grounds for relief (the "Section Petition"). In an opinion dated October 4, 1998, Judge Leonard Wexler of the United States District Court for the Eastern District of New York considered and denied each of petitioner's five grounds for relief. *Carroll v. Hoke*, 695 F.Supp. 1435 (E.D.N.Y. 1988). On June 21, 1989, the United States Court of Appeals for the Second Circuit ("Second Circuit") affirmed Judge Wexler's decision denying the First Petition. *Carroll v. Hoke*, 880 F.2d 1318 (2d Cir. 1989).

In November 1999, petitioner filed his second application for writ of habeas corpus (the "Second Petition"). On August 18, 1998, the Court dismissed petitioner's Second Petition without prejudice because petitioner had failed to exhaust his state remedies. *Carroll v. Travis*, No. 97-cv-6937, August 18, 2008, ECF No. 9.

Petitioner filed his third application for writ of habeas corpus on May 31, 2013 (the "Instant Petition"). Now before the Court is respondent's motion to dismiss the Instant Petition as an improperly filed successive petition.

I. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Before a district court may consider a successive habeas application, the "prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Id.*; *see* 28 U.S.C. § 2244(b)(3)(A). The "AEDPA allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003).

2

The Instant Petition constitutes a successive petition because it "rais[es] claims regarding the same conviction or sentence" at issue in the First Petition, which was decided by Judge Wexler on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) ("Generally, a [habeas] petition is 'second or successive' if a prior [habeas] petition, raising claims regarding the same conviction or sentence, has been decided on the merits. This is true even if the latter petition purports to raise new claims.").[1] Therefore, without authorization from the Second Circuit, this Court has no jurisdiction to consider the Instant Petition. *See e.g., Walker v. Cuomo*, No. 12-CV-4512, 2012 WL 5386218, at *2 (E.D.N.Y. Nov. 1, 2012) ("Because plaintiff has already filed several habeas petitions, he must seek permission from the United State Court of Appeals to file a successive habeas petition."); *Moore v. Superintendent of Southport Corr. Facility*, No. 12-CV-4302, 2012 WL 5289599, at *2 (E.D.N.Y. Oct. 19, 2012) ("Should petitioner wish to challenge further his . . . conviction, he must again move before the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for *habeas corpus* relief."); *Jones v. Connolly*, No. 12-CV-1543, 2012 WL 1129359, at *1 (E.D.N.Y. Mar. 30, 2012) ("[P]etitioner must move in the United States Court of Appeals for the Second Circuit for permission to pursue this successive petition for habeas corpus relief.").

Petitioner has not sought permission from the Second Circuit to file this successive petition. Accordingly, the Instant Petition is transferred to the Second Circuit. *See Torres*, 316 F.3d at 151 ("[A] district court must transfer uncertified successive motions to [the Court of Appeals] pursuant to 28 U.S.C. § 1631."); *Moore*, 2012 WL 5289599 (transferring unauthorized successive petition to Court of Appeals); *Mason v. Lempke*, No. 11-cv-275, 2011 WL 344761, at

---

[1] *Corrao* involved a motion brought by a federal prisoner under 28 U.S.C. § 2255. However, for the purposes of the AEDPA's authorization requirement for second and successive applications, "there is no material difference between § 2254 and § 2255." *Torres*, 316 F.3d at 151.

*2 (E.D.N.Y. Jan. 31, 2011) (same). Upon transfer to the Second Circuit, the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

                                                    Sandra J. Feuerstein  
                                                  United States District Judge

Dated: February 4, 2014  
       Central Islip, New York